# Exhibit A

Case 8:23-cv-00010-CJC-DFM Document 1-1 Filed 01/04/23 Page 2 of 17 Page ID #:8

Electronically Filed by Superior Court of California, County of Orange, 11/18/2022 03:37:01 PM.
30-2022-01292974-CU-PO-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By A. Gill, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
THE WALT DISNEY COMPANY, a Delaware Corporation; WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida Corporation; DISNEYLAND INTERNATIONAL, a California Corporation; and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
ANDREA MALLUL, as the successor in interest to the Estate of JOANNE AGUILAR, deceased;
ANDREA MALLUL, individually,; and ZENOBIA HERNANDEZ, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: | CASE NUMBER: (Número del Caso):
(El nombre y dirección de la corte es): Superior Court of the State of California | 30-2022-01292974-CU-PO-CJC
County of Orange, Central Justice Center
700 Civic Center Drive West, Santa Ana, CA 92701    Judge Nico Dourbetas

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: (El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Michael Jeandron, Esq. 296429
Hellay Taherian, Esq. SBN 339552
ROBERTS | JEANDRON LAW 4440 Von Karman Avenue, Suite 350, Newport Beach, CA 92660 Telephone: (949) 719-6885

DATE: 11/18/2022   DAVID H. YAMASAKI, Clerk of the Court   Clerk, by  A. Gill   , Deputy
(Fecha)   (Secretario)   (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida Corporation
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Case 8:23-cv-00015-CJC-DFM Document 1-1 Filed 01/04/23 Page 3 of 17 Page ID #:9

Electronically Filed by Superior Court of California, County of Orange, 11/18/2022 03:37:01 PM.
30-2022-01292974-CU-PO-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By A. Gill, Deputy Clerk.

MICHAEL JEANDRON, STATE BAR NO. 296429
HELLAY TAHERIAN, STATE BAR NO. 339552
**ROBERTS | JEANDRON LAW**
4440 Von Karman Avenue, Suite 350
Newport Beach, CA 92660
Phone:      (949) 719 - 6885
Facsimile:  (949) 719- 6881

Attorneys for Plaintiffs, ANDREA MALLUL, individually and as the successor in interest to the Estate of JOANNE AGUILAR, deceased; and ZENOBIA HERNANDEZ, an individual

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANDREA MALLUL, as the successor in interest to the Estate of JOANNE AGUILAR, deceased; ANDREA MULLUL, individually,; and ZENOBIA HERNANDEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida Corporation; DISNEYLAND INTERNATIONAL, a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Assigned for All Purposes<br>Judge Nico Dourbetas<br><br>COMPLAINT FOR: 30-2022-01292974-CU-PO-CJC<br><br>1. Negligence - Personal Injury<br>2. Negligence – Wrongful Death<br>3. Premises Liability – Personal Injury<br>4. Premises Liability – Wrongful Death<br>5. Negligence Per Se – Violation of ADA<br>6. Violation of § 51 of California Civil Code<br>7. Denial of Full and Equal Access – California Civil Code §§ 54.1 and 54.3<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. This Court has jurisdiction of this matter where Plaintiffs' injuries were sustained in the County of Orange. The nature and extent of Plaintiff's injuries are in excess of the Superior Court's Jurisdictional minimum of $25,000.00.

## THE PARTIES

2. At all relevant times, decedent JOANNE AGUILAR (hereinafter referred to as "MS. AGUILAR") was an individual resident of Ventura County, California. MS. AGUILAR died on January 29, 2022, as a result of a fall at the Disneyland Park in Anaheim, California, which gives rise to this action. MS. AGUILAR was 66 years old at the time of her death.

1
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

3. MS. AGUILAR was, and at all times relevant to this Complaint, a "physically disabled person" and a "person with disabilities", as these terms are used under California law and under federal laws, including, but not limited to, the ADA. The terms "physically disabled person", "person with disability", and a "person with disabilities" will be used interchangeably throughout this Complaint. MS. AGUILAR suffered from permanent mobility impairment due to a knee injury and the inability to walk without the assistance of a wheelchair.

4. Plaintiff, ANDREA MALLUL (hereinafter referred to as "ANDREA"), is a resident of the State of California, and at all times relevant herein was residing in the State of California. ANDREA is the adult daughter and Successor-in-Interest of decedent MS. AGUILAR, a proper party pursuant to California Code of Civil Procedure § 377.60.

5. Plaintiff, ZENOBIA HERNANDEZ (hereinafter referred to as "ZENOBIA"), is a resident of the State of California, and at all times, relevant herein was residing in the State of California. ZENOBIA is the adult daughter of MS. AGUILAR, and a proper party pursuant to California Code of Civil Procedure § 377.60.

6. Plaintiffs are the sole statutorily recognized claimants for damages due to the wrongful death of their mother, JOANNE AGUILAR.

7. Plaintiffs are informed and believe, and thereon allege Defendant THE WALT DISNEY COMPANY, is a Delaware corporation, licensed to, and conducting business in the State of California.

8. Plaintiffs are informed and believe, and thereon allege Defendant WALT DISNEY PARKS AND RESORTS U.S., INC., is a Florida corporation, licensed to, and conducting business in the State of California.

9. Plaintiffs are informed and believe, and thereon allege Defendant DISNEYLAND INTERNATIONAL, is a California corporation, licensed to, and conducting business in the State of California.

10. The true names and capacities of defendants sued herein as Does 1 through 100, inclusive, are unknown to Plaintiffs who hereby sue such defendants by such fictitious names. Each of the defendants named herein as a DOE is in some manner responsible for the events sued upon. Plaintiffs

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

will amend this cross-complaint to insert the true names and capacities of each DOE defendant when and if ascertained.

11. Plaintiffs are informed and believe and thereon allege that each named defendant and those defendants sued herein by such fictitious names were the agents, employees, and servants of every other defendant herein, and each of them, and were at all times herein relevant, acting within the scope of their employment and agency relationship.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. At all times herein mentioned, MS. AGUILAR was a "person with a disability" or "physically handicapped person", who was mobility impaired and required the assistance of a wheelchair.

13. On or about August 22, 2021, MS. AGUILAR was an invitee onto Defendants' premises, the Disneyland Resort in Anaheim, California.

14. On August 22, 2021, MS. AGUILAR visited the Disneyland Resort with her daughters ANDREA and ZENOBIA. Upon arrival, they immediately proceeded to the Disability Access Service (DAS), located inside the resort, which allegedly accommodates guests with disabilities. There, they obtained a wheelchair for MS. AGUILAR to enhance her experience at the resort, specifically on the rides, and to avoid navigating through lines which are not typically accessible for people with disabilities.

15. The Jungle Cruise ride consists of a canopied steamer boat, an attraction which allows guests to remain in their wheelchair during the entire ride. Their wheelchair accessible boats have a space for a single wheelchair that is wheeled into the boat by a lift that becomes a ramp. For all rides, the boat should be steadied by a cast member, who is on duty to provide assistance, a helping hand, or an arm assist, when guests board and disembark the boat ride.

16. When MS. AGUILAR arrived at the Jungle Cruise ride, she was informed by a cast member that a wheelchair accessible boat was unavailable, but that MS. AGUILAR could board any other ordinary boat with assistance. The ordinary boats consist of wooden benches with the side of the boat as the seat back. A Disney Park guest wishing to transfer to a boat seat must step across the dock, step upwards and over the side of the boat, and then down into the boat.

3
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Based upon the representation from Disney cast members, MS. AGUILAR boarded the boat but found it to be very difficult and challenging due to her disability. Despite this, MS. AGUILAR successfully boarded the ordinary boat with the assistance of her two daughters ANDREA and ZENOBIA, but without any assistance from any cast member. When the Jungle Cruise concluded, MS. AGUILAR began to disembark the boat. Cast members placed small unsecured blocks on top of the existing steps inside the boat, to reduce the height of each step, thereby creating a dangerous and hazardous condition. MS. AGUILAR began to disembark the boat, without the assistance of any Disney cast members that were standing around watching. Getting into the boat was difficult, but exiting the boat was more difficult, as it required her to propel her body upward with her lower legs, which due to her disability was not possible. The struggle was apparent and Disney cast members began snickered and giggling as they watched MS. AGUILAR try to safely exit the boat. MS. AGUILAR began to feel the shame and embarrassment of the situation and felt dehumanized. As MS. AGUILAR's daughters were helping her get out of the boat, the blocks were unstable and difficult to traverse, causing MS. AGUILAR to lose her balance and fall backwards, crashing down with her full weight and sustaining serious injuries.

17. MS. AGUILAR was taken by ambulance to Anaheim Global Medical Center, where an x-ray of her right leg revealed a compound fracture of her femur. As a result, MS. AGUILAR underwent an open reduction internal fixation of her femur and remained hospitalized at Anaheim Global Medical Center for 10 days.

18. Upon release from the hospital, MS. AGUILAR was transferred to Oxnard Manor Healthcare Center, where she remained for post-operative rehabilitation. During her extensive recovery, she contracted an infection, which led to a septic shock. MS. AGUILAR died on January 29, 2022. From the time MS. AGUILAR left Disneyland in an ambulance on August 22, 2021 she was never able to return home. MS. AGUILAR spent the remainder of her life at Anaheim Global Medical Center and thereafter Oxnard Manor Healthcare Center.

19. MS. AGUILAR sustained injuries and losses described herein as a result of the negligence and violation of disabled access and safety standards protecting disabled persons and others by Defendants and their employees and/or agents and/or contractor(s) and/or

subcontractor(s), and the acts and omissions of Defendants and their employees and/or agents and/or contractors and/or subcontractors were a substantial factor in causing decedent's injuries and death.

20. Defendants caused MS. AGUILAR to suffer (in addition to the injuries and Losses described herein), a denial of her civil rights, including the denial to her right to full and equal access to the Jungle Cruise ride as a public accommodation.

## FIRST CAUSE OF ACTION

### Negligence – Personal Injury – C.C.P. § 377.34

(By ANDREA MALLUL, as the successor in interest to the Estate of JOANNE AGUILAR, Decedent, against Defendants THE WALT DISNEY COMPANY; WALT DISNEY PARKS AND RESORTS U.S., INC.; DISNEYLAND INTERNATIONAL, and DOES 1 through 100)

21. Plaintiff re-allege and incorporate each and every allegation contained in paragraphs 1 through 20, as though fully set forth herein.

22. At the time of the incident, Defendants' cast members owed a duty of care to the Disneyland Resort patrons and specifically to MS. AGUILAR, to assist her when boarding and disembarking the steamer boat at the Jungle Cruise ride.

23. Defendants' cast members breached their duty of care to MS. AGUILAR, when they failed to assist her out of the boat, knowing that she was a disabled patron who needed assistance.

24. It was foreseeable to Defendants' cast members that as a result of their breach of duty to MS. AGUILAR, that such breach would result in serious bodily injury to MS. AGUILAR.

25. As a foreseeable direct and proximate result of Defendants' cast members' breach of duty, alleged herein, MS. AGUILAR did suffer serious bodily injury when Defendants' cast members failed to assist her out of the boat, causing her to fall, become injured, undergo surgery, become infected, and die as a result of her infection.

26. As a direct and proximate result of Defendants' cast members' breach of duty to MS. AGUILAR, she suffered injury to her body which ultimately resulted in death, incurred medical bills for treatment of her injuries, and suffered physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional

distress. Such damages now claimed by MS. AGUILAR's successor in interest pursuant to California Code of Civil Procedure § 377.34.

27. As a direct and legal result of Defendants', and each of their, negligence, Plaintiff suffered economic damages including but not limited to damages for decedent MS. AGUILAR's funeral and cremation expenses, loss of decedent's financial support, loss of decedent's gifts and benefits, and loss of decedent's household services.

## SECOND CAUSE OF ACTION

### Negligence – Wrongful Death

(By ANDREA MULLUL, individually and ZENOBIA HERNANDEZ, individually, against Defendants THE WALT DISNEY COMPANY; WALT DISNEY PARKS AND RESORTS U.S., INC.; DISNEYLAND INTERNATIONAL, and DOES 1 through 100)

28. The Plaintiffs re-allege and incorporate each and every allegation contained in paragraphs 1 through 27, as though fully set forth herein.

29. At the time of the incident, Defendants' cast members owed a duty of care to the Disneyland Resort patrons and specifically to MS. AGUILAR, to assist her when boarding and disembarking the steamer boat at the Jungle Cruise ride.

30. Defendants' cast members breached their duty of care to MS. AGUILAR, when they failed to assist her out of the boat, knowing that she was a disabled patron who needed assistance.

31. It was foreseeable to Defendants' cast members that as a result of their breach of duty to MS. AGUILAR, that such breach would result in serious bodily injury or death to MS. AGUILAR.

32. As a foreseeable direct and proximate result of Defendants' cast members' breach of duty, alleged herein, Plaintiffs mother died when Defendants' cast members failed to assist her out of the boat, causing her to fall, which caused injuries that resulted in her death.

33. As a direct and legal result of the Defendants', and each of their, breach Plaintiffs suffered non-economic damages including but not limited to the loss of decedent MS. AGUILAR's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

///

## THIRD CAUSE OF ACTION

### Premises Liability – Personal Injury - C.C.P. § 377.34

(By ANDREA MALLUL, as the successor in interest to the Estate of JOANNE AGUILAR, Decedent, Against Defendants THE WALT DISNEY COMPANY; WALT DISNEY PARKS AND RESORTS U.S., INC.; DISNEYLAND INTERNATIONAL, and DOES 1 through 100)

34. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs 1 through 33, as though fully set forth herein.

35. Plaintiff alleges upon information and belief that Defendants knew or should have known that placing small unsecured blocks on top of the existing steps inside the boat would create a dangerous condition, created by Defendants' cast members. Defendants further knew or should have known that said dangerous condition did pose a significant risk of harm to patrons of the Jungle Cruise, specifically to MS. AGUILAR.

36. At the time of the incident herein alleged, Defendants owed a duty of care to the Jungle Cruise patrons, specifically to the MS. AGUILAR to maintain the steamer boat's stairs in such a manner as to not create and allow a dangerous condition to exist that could cause injury to others.

37. Defendants did breach its duty of care to MS. AGUILAR when its cast members placed unsecured, unstable wooden blocks on top of each step of the steamer boat's stairs, therefore creating and permitted a dangerous and hazardous condition to exist.

38. As a foreseeable direct and proximate result of Defendants' breach of its duty of care to maintain the boat's stairs free of dangerous and hazardous conditions, MS. AGUILAR did suffer serious bodily injury when she stepped on the unsecured, unstable, and movable blocks, lost her balance and fell.

39. As a direct and proximate result of Defendants' breach of duty of care to MS. AGUILAR, she has suffered injuries to her body, incurred medical bills for treatment of her injuries and suffered physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress and ultimately died as a result of her injuries. Such damages now claimed by MS. AGUILAR's successor in interest pursuant to California Code of Civil Procedure § 377.34.

40. As a direct and legal result of Defendants' creating a dangerous condition, Plaintiff suffered economic damages including but not limited to damages for decedent MS. AGUILAR's funeral and cremation expenses, loss of decedent's financial support, loss of decedent's gifts and benefits, and loss of decedent's household services.

## FOURTH CAUSE OF ACTION

### Premises Liability – WRONGFUL DEATH

(By ANDREA MULLUL, individually and ZENOBIA HERNANDEZ, individually, Against Defendants THE WALT DISNEY COMPANY; WALT DISNEY PARKS AND RESORTS U.S., INC.; DISNEYLAND INTERNATIONAL, and DOES 1 through 100)

41. Plaintiff re-alleges and incorporates each and every allegation contained in paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff alleges upon information and belief that Defendants knew or should have know that placing small unsecured blocks on top of the existing steps inside the boat would create a dangerous condition, created by Defendants' cast members. Defendants further knew or should have known that said dangerous condition did pose a significant risk of harm to patrons of the Jungle Cruise, specifically to MS. AGUILAR.

43. At the time of the incident herein alleged, Defendants owed a duty of care to the Jungle Cruise patrons, specifically to the MS. AGUILAR to maintain the steamer boat's stairs in such a manner as to not create and allow a dangerous condition to exist that could cause injury to others.

44. Defendants did breach its duty of care to MS. AGUILAR when its cast members placed unsecured, unstable wooden blocks on top of each step of the steamer boat's stairs, therefore creating and permitted a dangerous and hazardous condition to exist.

45. As a foreseeable direct and proximate result of Defendants' breach of its duty of care to maintain the boat's stairs free of dangerous and hazardous conditions, MS. AGUILAR did suffer serious bodily injury when she stepped on the unsecured, unstable, and movable blocks, lost her balance and fell. As a result of MS. AGUILAR's injuries she ultimately died.

46. It was foreseeable to Defendants' cast members that as a result of their breach of duty to MS. AGUILAR, that such breach would result in serious bodily injury or death to MS. AGUILAR.

47. As a foreseeable direct and proximate result of Defendants' cast members' breach of duty, alleged herein, Plaintiffs mother died when Defendants' cast members failed to assist her out of the boat, causing her to fall, which caused injuries that resulted in her death.

48. As a direct and legal result of the Defendants', and each of their, breach Plaintiffs suffered non-economic damages including but not limited to the loss of decedent MS. AGUILAR's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

## FIFTH CAUSE OF ACTION

### Negligence Per Se – Violations of ADA

(By ANDREA MALLUL, as the successor in interest to the Estate of JOANNE AGUILAR, Decedent, against Defendants THE WALT DISNEY COMPANY; WALT DISNEY PARKS AND RESORTS U.S., INC.; DISNEYLAND INTERNATIONAL, and DOES 1 through 100)

49. Plaintiff hereby incorporates every allegation set forth in paragraphs 1 through 33 of the complaint.

50. Plaintiffs are informed, believe and thereon allege that Defendants own, maintain, lease, rent, possess, operate and or manage the Disneyland Resort in which decedent MS. AGUILAR suffered her fall and injuries alleged above.

51. Defendants own, operate, or lease the Disneyland Resort within the meaning of Title III of the ADA and its regulations. 42 U.S.C. § 12182(a).

52. Plaintiffs are informed, believe and thereon allege that Defendants operate and maintain the aforementioned property as a "place of public accommodation" as defined in Title III of the Americans with Disabilities Act.

53. An amusement park or other place of recreation is a place of public accommodation as defined by 42 U.S.C. § 12181(7)(I).

54. Decedent MS. AGUILAR is a qualified individual with disabilities within the meaning of Title III of the ADA.

55. Title III prohibits public accommodations from excluding, on the basis of disability, individuals with disabilities from participating in or benefitting from the goods, services, facilities, privileges, advantages, or accommodations of public accommodations or otherwise discriminating

1  against a person on the basis of disability. 42 U.S.C. § 12182(b)(1)(A)(i).

2  56. Defendants and each of them failed to provide a wheelchair accessible boat with the standards required by Title III of the Americans with Disabilities Act, including but not limited to, 42 U.S.C. § 12182(b)(1)(A)(i), denying decedent, MS. AGUILAR of a wheelchair accessible boat and having her ride in an ordinary boat which did not accommodate her disabilities.

57. As a result of the failure of said Defendants to comply with the foregoing standards, designed to prevent harm to disabled persons such as decedent MS. AGUILAR, said Defendants have breached a duty of care owed to MS. AGUILAR.

58. As a result of Defendants violation of Title III of the Americans with Disabilities Act and 42 U.S.C. § 12182(b)(1)(A)(i), their negligence in causing MS. AGUILAR's injuries and death shall be presumed as a matter of law.

59. Because of the aforementioned breach of duty of care by said Defendants, decedent MS. AGUILAR suffered losses set forth below.

60. As a direct and proximate result of Defendants' breach of duty of care to MS. AGUILAR, she has suffered injuries to her body, incurred medical bills for treatment of her injuries and suffered physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress and ultimately died as a result of her injuries. Such damages now claimed by MS. AGUILAR's successor in interest pursuant to California Code of Civil Procedure § 377.34.

61. As a direct and legal result of Defendants', and each of their, negligence, Plaintiff suffered economic damages including but not limited to damages for decedent MS. AGUILAR's funeral and cremation expenses, loss of decedent's financial support, loss of decedent's gifts and benefits, and loss of decedent's household services.

### SIXTH CAUSE OF ACTION

### Violation of § 51 of the California Civil Code

(By ANDREA MALLUL, as the successor in interest to the Estate of JOANNE AGUILAR, Decedent, Plaintiff Against Defendants THE WALT DISNEY COMPANY; WALT DISNEY PARKS AND RESORTS U.S., INC.; DISNEYLAND INTERNATIONAL, and DOES 1 through 100)

62. Plaintiffs hereby incorporate and re-allege paragraphs 1-20 and 49-61 of the complaint.

63. At all times relevant to this action, Section 51 of the California Civil Code has provided that physically disabled persons are not to be discriminated against because of their physical disabilities. Based on the facts and allegations pled at paragraphs 1-21 above and elsewhere in this Complaint, Plaintiffs allege that defendants have discriminated against decedent MS. AGUILAR and violated her rights under Section 51 of the California Civil Code.

64. Decedent MS. AGUILAR was a disabled person as defined by section 12926 of the California Government Code.

65. California Civil Code section 51(b) provides, in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

66. Section 51(f) of the California Civil code states that a violation of the ADA also Constitutes a violation of California Civil Code Section 51.

67. Section 52(a) of the California Civil Code provides as follows:

> (a) Whoever denies, aids, or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000.00), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Sections 51, 51.5, or 51.6.

68. The failure to provide a wheelchair accessible boat with the standards required by Title III of the Americans with Disabilities Act, to people with mobility disabilities, demonstrate an intent to deny Decedent's rights. Parties who own and/or operate amusement parks are familiar with the requirements for the provision of accessible features and policies, for use by people with

disabilities and are aware that such matters are governed by the ADA. Decedent MS. AGUILAR's damages resulted from Defendants' intentional acts and omissions.

## SEVENTH CAUSE OF ACTION

### Denial of Full and Equal Access – Cal. Civil Code §§ 54.1 and 54.3

(By ANDREA MALLUL, as the successor in interest to the Estate of JOANNE AGUILAR, Decedent, Plaintiff Against Defendants THE WALT DISNEY COMPANY; WALT DISNEY PARKS AND RESORTS U.S., INC.; DISNEYLAND INTERNATIONAL, and DOES 1 through 100)

69. Plaintiffs hereby incorporate and re-allege paragraphs 1-20 and 49-68 of the complaint.

70. California Civil Code §§ 54.1 and 54.3 guarantee, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public receive, to accommodations, advantages, facilities, and privileges of all "places of public accommodation" and "other places to which the general public is invited" within the jurisdiction of California. Cal. Civ. Code § 54.1(a)(1).

71. Any violation of the ADA is also a violation of California Civil Code § 54.1. Cal. Civ. Code § 54.1(d).

72. An amusement park or other place of recreation is a place of public accommodation to which the general public is invited under California Civil Code § 54.1(a)(1).

73. Defendants violated the rights of Plaintiff to full and equal access to places of public accommodation, amusement, resort, or other places to which the general public is invited under California Civil Code § 54.1(a)(1) by denying decedent MS. AGUILAR of a wheelchair accessible boat and placing her in an ordinary boat which did not accommodate her disabilities, resulting in tragic injuries.

74. Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1, and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less

than one thousand ($1,000.00), and attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1, and 54.1. Cal. Civ. Code § 54.3(a).

**WHEREFORE**, Plaintiff prays judgment as follows:

1. **On the First Cause of Action for Negligence Personal Injury**
   a. For Actual and Special Damages according to proof at time of trial:
   b. For interest pursuant to California Civil Code § 3287 on all past economic damages in the legal amount for the date of such damages became certain to the date of judgment;
   c. For general, incidental, and consequential damages according to proof at time of trial;
   d. Cost of funeral and burial expenses;
   e. For money judgment awarding special damages, including past medical expenses, according to proof.
   f. For damages pursuant to California Code of Civil Procedure § 377.34.

2. **On the Second Cause of Action for Negligence – Wrongful Death**
   a. For Actual and Special Damages according to proof at time of trial:
   b. For interest pursuant to California Civil Code § 3287 on all past economic damages in the legal amount for the date of such damages became certain to the date of judgment;
   c. For general, incidental, and consequential damages according to proof at time of trial;

3. **On the Third Cause of Action for Premises Liability – Personal Injury**
   a. For Actual and Special Damages according to proof at time of trial:
   b. For interest pursuant to California Civil Code § 3287 on all past economic damages in the legal amount for the date of such damages became certain to the date of judgment;
   c. For general, incidental, and consequential damages according to proof at time of trial;
   d. Cost of funeral and burial expenses;

e. For money judgment awarding special damages, including past medical expenses, according to proof.

f. For damages pursuant to California Code of Civil Procedure § 377.34.

4. **On the Fourth Cause of Action for Premises Liability – Wrongful Death:**

   a. For Actual and Special Damages according to proof at time of trial:

   b. For interest pursuant to California Civil Code § 3287 on all past economic damages in the legal amount for the date of such damages became certain to the date of judgment;

   c. For general, incidental, and consequential damages according to proof at time of trial;

5. **On the Fifth Cause of Action for Negligence Per Se - Violation of the ADA:**

   a. For Actual and Special Damages according to proof at time of trial:

   b. For interest pursuant to California Civil Code § 3287 on all past economic damages in the legal amount for the date of such damages became certain to the date of judgment;

   c. For general, incidental, and consequential damages according to proof at time of trial;

   d. Cost of funeral and burial expenses;

   e. For money judgment awarding special damages, including past medical expenses, according to proof.

   f. For damages pursuant to California Code of Civil Procedure § 377.34;

   g. For Attorneys Fees and Costs.

6. **On the Sixth Cause of Action for Violation of § 51 of California Civil Code**

   a. For actual damages, and any amount that may be determined by a jury, up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000.00) pursuant to California Civil Code § 52 for each and every violation of California Civil Code § 51.

   b. Damages in an amount to be determined by proof, including all applicable statutory

damages pursuant to California Civil Code § 52(a) or California Civil Code § 54.3.

c. An order awarding Plaintiffs reasonable attorney's fees and costs, as authorized by 42 U.S.C. § 12188, California Civil Code § 52 and California Civil Code § 54.3.

7. **On the Seventh Cause of Action for Denial of Full and Equal Access – California Civil Code §§ 54.1 and 54.3**

   a. For actual damages, and any amount that may be determined by a jury, up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000.00).

   b. Damages in an amount to be determined by proof, including all applicable statutory damages pursuant to California Civil Code § 52(a) or California Civil Code § 54.3.

   c. An order awarding Plaintiffs reasonable attorney's fees and costs, as authorized by 42 U.S.C. § 12188, California Civil Code § 52 and California Civil Code § 54.3

8. **As to Each and Every Cause of Action:**

   a. For prejudgment interest, as determined by and accrued according to any applicable statutes.

   b. For all attorneys fees and costs;

   c. For costs of suit incurred herein; and

   d. For any other and further relief the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury to the full extent permitted by law.

DATED: November 18, 2022         **ROBERTS | JEANDRON LAW**

                                 By: *Hellay Taherian*
                                 MICHAEL JEANDRON, ESQ.
                                 HELLAY TAHERIAN, ESQ.
                                 Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL