# Exhibit E

Electronically Filed by Superior Court of California, County of Orange, 12/29/2022 12:22:00 PM.
30-2022-01292974-CU-PO-CJC - ROA # 15 - DAVID H. YAMASAKI, Clerk of the Court By B. Sanchez, Deputy Clerk.
Case 8:23-cv-00010-JGB-DFM Document 1-5 Filed 01/04/23 Page 2 of 10 Page ID #:64

1 Warren E. Platt (#154086)
wplatt@swlaw.com
2 David P. Hansen (#301995)
dhansen@swlaw.com
3 Sarah M. Nakamoto (#315200)
snakamoto@swlaw.com
4 SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
5 Costa Mesa, California 92626-7689
Telephone: 714.427.7000
6 Facsimile: 714.427.7799

7 Attorneys for Defendant
WALT DISNEY PARKS AND
8 RESORTS U.S., INC., a Florida Corporation

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| ANDREA MALLUL, as the successor in interest to the Estate of JOANNE AGUILAR, deceased; ANDREA MULLUL, individually,; and ZENOBIA HERNANDEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida Corporation; DISNEYLAND INTERNATIONAL, a California Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 30-2022-01292974-CU-PO-CJC<br><br>Judge: Judge Nico A. Dourbetas<br>Dept: C<br><br>**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: November 18, 2022<br>Trial Date: None |

Defendant Walt Disney Parks and Resorts U.S., Inc. (hereinafter "WDPR") answers the unverified Complaint ("Complaint") of Plaintiffs Andrea Mallul, as the successor in interest to the Estate of Joanne Aguilar, deceased; Andrea Mullul, individually; and Zenobia Hernandez, an individual, ("Plaintiffs") as follows:

///

1

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, WDPR denies each and every allegation, both specifically and generally, of each cause of action contained in Plaintiffs' unverified Complaint and denies that Plaintiffs were injured or damaged in any sum or sums or at all.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each separate cause of action alleged in it, fails to state facts sufficient to constitute a cause of action against WDPR.

## SECOND AFFIRMATIVE DEFENSE

2. WDPR is informed and believes, and on that basis alleges, that any injuries or damages sustained by Plaintiffs or Joanne Aguilar ("Decedent") were caused or contributed to by the negligence or other wrongful conduct of persons, firms, partnerships, corporations, municipalities, or entities other than WDPR and that said negligence or other wrongful conduct comparatively reduces the percentage of negligence or other liability, if any, of WDPR.

## THIRD AFFIRMATIVE DEFENSE

3. WDPR is informed and believes, and on that basis alleges, that the injuries and damages of Plaintiffs or Decedent alleged in the Complaint were directly and proximately caused by the superseding, intervening acts and omissions of a third party or third parties for which WDPR is neither responsible nor liable.

## FOURTH AFFIRMATIVE DEFENSE

4. WDPR is informed and believes, and on that basis alleges, that the damages and injuries alleged in the Complaint were legally and proximately caused or contributed to by the negligence, fault, negligence *per se*, assumption of risk, or other culpable conduct of Plaintiffs or Decedent and that the amount of damages, if any, that Plaintiffs may recover against WDPR must be diminished in the proportion that such conduct contributed to the alleged injuries, losses or damages of Plaintiffs or Decedent.

/ / /

/ / /

**FIFTH AFFIRMATIVE DEFENSE**

5.      WDPR is informed and believes, and on that basis alleges, that the damages and injuries of Plaintiffs or Decedent alleged in the Complaint were legally and proximately caused by, and arose out of, risks of which Plaintiffs had both knowledge and understanding and that Plaintiffs or Decedent voluntarily assumed.

**SIXTH AFFIRMATIVE DEFENSE**

6.      WDPR is informed and believes, and on that basis alleges, that the damages and injuries of Plaintiffs alleged in the Complaint were legally and proximately caused by, and arose out of, the Plaintiffs' or Decedent's primary assumption of risk.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      WDPR is informed and believes, and on that basis alleges, that Plaintiffs have failed to mitigate their damages, if any, in the manner and to the extent required by law.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      WDPR is informed and believes, and on that basis alleges, that if there is any comparative fault attributed to individuals or entities other than WDPR, then that percentage of fault comparatively reduces the non-economic damages, if any, that Plaintiffs can recover from WDPR pursuant to Sections 1431 *et seq.* of the California Civil Code.

**NINTH AFFIRMATIVE DEFENSE**

9.      WDPR is informed and believes, and on that basis alleges, that Plaintiffs' causes of action against WDPR may be barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 335.1, 336 subd. (a) and (d), 337.1 subd. (a)(1), (a)(2), and (a)(3), (b), (c), (d) and (e), 337.15 (a)(1), (a)(2), (b), (c), (d), (e), (f), (g)(1)-(g)(4), 338 (a)-(n), 339 subd. 1-3, 340(a)-(e) and 342 and 343.

**TENTH AFFIRMATIVE DEFENSE**

10.     WDPR is informed and believes and based thereon alleges that the alleged liability of WDPR stems from the failure of Plaintiffs, Decedent, or others to exercise reasonable or ordinary care, caution, or vigilance for which WDPR is not legally liable or responsible.

///

## ELEVENTH AFFIRMATIVE DEFENSE

11. WDPR is informed and believes and thereon alleges that Plaintiffs or Decedent are equitably estopped from claiming damages due to their own actions or inactions.

## TWELFTH AFFIRMATIVE DEFENSE

12. WDPR alleges that Plaintiffs or Decedent engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of duty, negligence, act, omission or any other conduct, if any, as set forth in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. The acts and omissions of Plaintiffs or Decedent, in the assertion of their claims against others, were unreasonably delayed to the substantial prejudice of WDPR. Thus, the Complaint and each purported cause of action alleged therein, may be barred by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. WDPR is informed and believes and based thereon alleges that if any defects or inadequacies in the premises existed, which WDPR denies, Plaintiffs, Decedent, or others failed to timely notify WDPR of such conditions and failed to give WDPR timely opportunity to remedy such conditions. This conduct by Plaintiffs, Decedent, or others, bars Plaintiffs from any relief from WPDR herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. The alleged condition of property set forth in the Complaint did not constitute a substantial risk of damage, but if any risk at all, merely constituted a minor, trivial, or insignificant risk which did not create a dangerous condition of the property; and therefore, this WDPR is not liable for any of the alleged damages, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiffs' actions are barred on the basis that if Plaintiffs or Decedent were or are injured as alleged in the Complaint, then said injuries or damages were and are the result of an open, and obvious and apparent condition which was known to and recognized by Plaintiffs or Decedent, but who nevertheless knowingly, willing, intentionally and voluntarily exposed

themselves to said danger, thereby assuming the risk of accident, injury and damage.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. WDPR cannot be held liable to Plaintiffs or Decedent because WDPR is informed and believes and thereon alleges that others owed a non-delegable duty of care to Plaintiffs or Decedent, which duty, if breached at all, was not breached through any conduct legally attributable to WDPR.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. WDPR is informed and believes and based thereon alleges that any foreseeable or unreasonable risk of personal injury that is the subject of this litigation was a risk that WDPR did not create and could not reduce or eliminate.

### NINETEENTH AFFIRMATIVE DEFENSE

19. WDPR is informed and believes and based thereon alleges that it complied with or exceeded the applicable standard of care in its ownership, control, maintenance, and management of the subject premises.

### TWENTIETH AFFIRMATIVE DEFENSE

20. WDPR is informed and believes and based thereon alleges that it is not liable to Plaintiffs or Decedent for any alleged damages because WDPR did not engage in any discriminatory actions as alleged in Plaintiffs' Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. WDPR is informed and believes and based thereon alleges that some or all of WDPR's actions in this matter were taken in reliance upon the standards and guidelines of the ADA and/or state law and regulations and were reasonably prudent under the circumstances.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. WDPR is informed and believes and based thereon alleges that it has performed and fully discharged any and all obligations and legal duties to Plaintiffs or Decedent pertinent to the matters alleged in the Complaint.

/ / /

/ / /

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. WDPR is informed and believes and based thereon alleges that some or all of Plaintiffs' claims are barred because the relief Plaintiffs request is unreasonable, would impose an undue burden and/or fundamentally alter the property and/or the nature of the goods or services provided by WDPR.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. WDPR is informed and believes and based thereon alleges that some or all of Plaintiffs' claims are barred because they are predicated on unconstitutionally vague and/or overly broad interpretations of regulations or laws or, alternatively, the applicable regulations or laws themselves are unconstitutionally vague and/or overbroad.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. WDPR is informed and believes and based thereon alleges that some or all of Plaintiffs' and Decedent's claims are barred by public policy and due process considerations because the premises was constructed relying in good faith upon law, and applicable state regulations, pronouncements from federal and state agencies, and/or state and local approvals. Granting some or all of the relief Plaintiffs request would be inequitable and would violate public policy and due process under state and/or federal constitutions.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. WDPR is informed and believes and based thereon alleges that some or all of WDPR's actions in this matter were taken in reliance upon the standards and guidelines of the ADA and/or state law and regulations and were reasonably prudent under the circumstances.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. WDPR is informed and believes and based thereon alleges that some or all of the claims for damages in Plaintiffs' Complaint are barred in that all decisions and actions of WDPR's with respect to the subject matter of this lawsuit were undertaken in good faith, in the absence of malicious intent, and constituted a lawful, proper, and justified means to further its legitimate economic interests.

/ / /

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. WDPR is informed and believes and based thereon alleges that it had neither actual nor constructive notice of any unlawful barriers, and if such barriers existed, they were not the proximate cause of Plaintiff's injuries.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. WDPR is informed and believes and based thereon alleges that Plaintiffs' recovery in this action is barred because WDPR's alleged acts and/or omissions did not actually constitute a denial to physically-disabled persons of full and equal access.

### THIRTIETH AFFIRMATIVE DEFENSE

30. WDPR is informed and believes and based thereon alleges that the premises owned by WDPR was designed and constructed for use prior to the effective date of the Title III of the ADA.

WDPR reserves the right to amend its answer to assert further affirmative defenses that are not presently known but may become known and available through further investigation and discovery.

### PRAYER

WHEREFORE, WDPR respectfully prays as follows:

1. For dismissal of the Complaint with prejudice;
2. For judgment in favor of WDPR and against Plaintiffs;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**DEMAND FOR JURY TRIAL**

WDPR hereby requests a trial by jury.

Dated: December 29, 2022

SNELL & WILMER L.L.P.

By: *Sarah Nakamoto*
Warren E. Platt
David P. Hansen
Sarah M. Nakamoto
Attorneys for Defendant
WALT DISNEY PARKS AND
RESORTS, U.S., INC., a Florida
Corporation

SNELL & WILMER
L.L.P.
LAW OFFICES
600 ANTON BLVD, SUITE 1400
COSTA MESA, CALIFORNIA 92626-7689

8
WDPR'S ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

# **PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

On December 29, 2022, I served, in the manner indicated below, the foregoing document described as **WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| Michael Jeandron, Esq.<br>Hellay Taherian, Esq.<br>ROBERTS \| JEANDRON LAW<br>4440 Von Karman Avenue, Suite 350<br>Newport Beach, CA 92660 | **ATTORNEY FOR PLAINTIFF**<br>Tel.: (949) 719.6885<br>Fax: (949) 719.6881<br><br>Email: michael@rjinjurylaw.com<br><br>Email: hellay@rjinjurylaw.com<br><br>Email: italy@rjinjurylaw.com |

☒  BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

☐  BY FACSIMILE: (C.C.P. § 1013(e)(f)).

☐  BY FEDERAL EXPRESS/ OVERNITE EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

☒  BY EMAIL: I caused such document to be delivered by electronic service as it has been authorized and agreed upon (C.C.P. § 1010.6 (a)(6))

☐  BY PERSONAL SERVICE on: I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

********

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 29, 2022, at Costa Mesa, California.

*Louise Mishler*
Louise Mishler