UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 23-00010-CJC (DFMx)                                    Date:  February 3, 2023

Title: <u>ANDREA MALLUL ET AL. V. THE WALT DISNEY COMPANY ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Rolls Royce Paschal</u>                                    <u>    N/A    </u>
Deputy Clerk                                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED**

On January 4, 2023, Defendant Walt Disney Parks and Resorts U.S., Inc. ("Disney") removed this action from the Superior Court of California, County of Orange. (*See* Dkt. 1 [Notice of Removal, hereinafter "Removal"] ¶ 10.)  Plaintiffs Andrea Mallul, as the successor in interest to the Estate of Joanne Aguilar, Andrea Mullul, individually, and Zenobia Hernandez, individually ("Plaintiffs"), brought several state-law claims based on the death of Joanne Aguilar, who allegedly died from complications from a surgery to treat injuries that she sustained while disembarking an attraction at a Disney property.  (*See id.* ¶ 9.)  Disney alleged that federal question jurisdiction exists because the case "is a civil action alleging a violation of 42 U.S.C § 12132."  (*Id.* ¶ 10.)

"[F]ederal law" did not, however, "create[ ] the cause of action" under which Plaintiffs sue.  *Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (citation omitted).  Contrary to Disney's assertion, Plaintiffs did not bring a claim under the cited federal statute, commonly known as the Americans with Disabilities Act ("ADA").  Rather, they brought a claim for negligence per se predicated on a violation of the ADA.  (*See* Dkt. 1-1 [Summons and Complaint] ¶¶ 49–61.)  Indeed, Disney seems to acknowledge as much elsewhere in its notice of removal.  (*See* Removal at [noting that Plaintiffs "alleg[ed] the following causes of action: . . . (5) negligence per se – violation of the Americans With Disabilities Act"].)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 23-00010-CJC (DFMx)          Date: February 3, 2023
Page 2

---

       Since federal law was not the source of the cause of action, federal question jurisdiction likely exists only if "[t]his case . . . fit[s] within the special and small category" of state-law claims that arise under federal law for purposes of 28 U.S.C. § 1331.  *Empire*, 547 U.S. at 699.  For a case to fit within that category, a federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

       Because of the narrowness of this category and the lack of details on the grounds for removal in Disney's notice, Disney is hereby **ORDERED** to show cause in writing, not to exceed **fifteen (15) pages** in length, why this action should not be remanded for lack of subject matter jurisdiction by **February 17, 2023**.  While Plaintiffs are not obligated to respond, to the extent that they wish to do so, Plaintiffs are **ORDERED** to file their response, not to exceed **fifteen (15) pages** in length, by **February 27, 2023**.

jso

MINUTES FORM 11
CIVIL-GEN                                                                    Initials of Deputy Clerk RRP